STATE OF NEW JERSEY, BY GEORGE F. KUGLER, JR.,
ATTORNEY GENERAL OF THE STATE OF NEW JER-
SEY, PLAINTIFF-RESPONDENT v. ELIZABETH T.
SCHAEDEL, ADMINISTRATRIX OF THE ESTATE OF
STEPHEN BIHARY, DECEASED, DEFENDANT, AND
MOZESH BIGARI, *ET AL.*, DEFENDANTS-APPELLANTS
AND CROSS-CLAIMANTS.

Superior Court of New Jersey
Appellate Division

Argued January 31, 1972—Decided July 7, 1972.

Before Judges COLLESTER, MINTZ and LYNCH.

*Mr. Jesse Moskowitz* argued the cause for appellants and cross-claimants (*Mr. Louis Serterides* on the brief).

*Mr. Robert W. Dempsey,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General of the State of New Jersey, attorney).

PER CURIAM. This is an appeal by the next of kin of Stephen Bihary, deceased, from a judgment of the Chancery Division which held that $2,176.48, comprising the sole assets of the estate of Stephen Bihary, has escheated to the State. The next of kin are Mozesh Bigari and Ferentz

Bigari, brothers of the decedent, Rozalia Varga, sister of the decedent, Elisaveta Bigari, the widow of Andrash Bigari, a brother who predeceased the decedent, and Berta Bigari and Olga Varga, daughters of Andrash Bigari. They reside in the Ukrainian Soviet Socialist Republic and were represented in the action by their attorney-in-fact.

Stephen Bihary came to the United States from the Ukraine in 1907. He died intestate without issue, a resident of Essex County on March 1, 1958, and an administrator, and later a substituted administratrix, was appointed for his estate. Decedent's estate was claimed by the above named next of kin and their claims were opposed by the Escheat Division of the State of New Jersey. The County Court, Probate Division, refused to order distribution of the fund because of lack of proof that the claimants were the sole surviving next of kin, and ordered that the funds be deposited in court pursuant to *N. J. S. A.* 3A:25–10.

The action, which is the subject of this appeal, was brought by a complaint filed by the State of New Jersey through the Attorney General, pursuant to *N. J. S. A.* 2A:37–11 *et seq.,* demanding judgment that the assets escheat to the State. The next of kin filed an answer and cross-claim asserting they were entitled to the assets and that the complaint should be dismissed.

On July 31, 1970 an order was entered directing that letters rogatory issue to the appropriate judicial authority in the U. S. S. R. to examine the next of kin on written interrogatories propounded by their attorney and cross-interrogatories by the attorney general. *R. R.* 4:18–3, now *R.* 4:12–3. The letters rogatory issued on September 14, 1970. The case came on for a hearing on January 6, 1971 at which time claimants' attorney requested an adjournment because the letters rogatory had not yet been returned. The trial judge, citing numerous delays in the prosecution of the action and the State's opposition, denied the request.

At the hearing claimants introduced in evidence exemplified copies of the birth certificates and other relevant docu-

ments establishing that they were the next of kin of the decedent. Claimants also offered in evidence a Russian document entitled "Act of Witnesses' Testimony," dated July 12, 1965, wherein Janosh Sabov and Pavel Bigari, residents of the village of Blazhievo, Beregovskiy District, who were not related to the decedent's family and had no interest in the estate, deposed that they knew the decedent's family for many years and set forth facts establishing that claimants were decedent's sole next of kin. The trial judge ruled the document was inadmissible as hearsay because there was no proof that the deponents were so intimately associated with the decedent's family as to be likely to have accurate information concerning the matter, citing *Evidence Rule* 63(24).

At the conclusion of the hearing the trial judge found as a fact that the claimants were the next of kin of the decedent. However, he held that because of their failure to establish that they were all of the next of kin they were not entitled to distribution of the estate. He ruled that the estate assets escheated to the State.

On appeal claimants contend: (1) the court erred in ordering the escheat of the fund in view of its finding that claimants are decedent's next of kin; (2) the "Act of Witnesses' Testimony" was admissible to prove their family relationship with decedent, and (3) the court abused its discretion in failing to grant their application for adjournment pending receipt of answers to the letters rogatory.

▮ We conclude that the court erred in ruling that the fund escheated to the State because there was insufficient proof that the claimants were all of the decedent's next of kin. The statute, *N. J. S. A.* 3A:37–12, provides that if a person who owns personal property within this State dies intestate, without heirs or known kindred capable of inheriting the same, the personal property shall escheat to the State. It is to be noted that the statute does not require that the next of kin be *all* of the next of kin of decedent.

[2–5] We are concerned here with the right of the State to take the fund by escheat. There is no escheat unless there are no next of kin. *In re Kelly's Estate,* 190 *Misc.* 250, 72 *N. Y. S.* 2d 897, 900 (Surr. Ct. 1947). The escheat statute works a forfeiture and therefore must be strictly construed. It is a well settled principle that escheat and forfeiture are not favored by the law, and any doubt as to whether property is subject to escheat is resolved against the State. *State v. U. S. Steel Corp.,* 12 *N. J.* 38, 47 (1953); *Kutner Buick, Inc. v. Strelecki,* 111 *N. J. Super.* 89, 96 (Ch. Div. 1970). A distinction exists between distribution and escheat; an escheat is not technically a part of distribution and indeed has no application to property until distribution becomes impossible.

 It is clear that claimants are next of kin of the decedent and are capable of inheriting the property. If there is a question of their rights to distribution because there may be other next of kin who are unknown, that could be resolved by barring the claims of such unknowns pursuant to *N. J. S. A.* 3A:25–6 and 7.

We need not pass upon the question of admissibility of the document, "Act of Witnesses' Testimony." Since the appeal was taken the letters rogatory ordered by the court have been returned, containing answers given by Ferentz Bigari (Ferents Bihari) and Mozesh Bigari (Bihari) before the Ministry of Justice, U. S. S. R. The answers indicate that the claimants are the sole next of kin of the decedent.

While we understand the frustration of the trial judge because of the delay in prosecution of this action which he described as "both advertent and inadvertent," we conclude that the fair administration of justice requires a consideration of the answers in the letters rogatory by the trial judge. Claimants should not be denied their just rights to the fund because of procedural delays through diplomatic channels over which they had no control.

Accordingly, the judgment is reversed and the case remanded to the trial court to reconsider the action taken in light of the evidence contained in the letters rogatory. We do not retain jurisdiction.